(Reap. Dec. 10261)

BRUCE DUNCAN CO., INC., a/c SHAGGEE INTERNATIONAL *v.*
UNITED STATES

Entry No. 51031, etc.

(Decided May 15, 1962)

*Stein & Shostak (Marjorie M. Shostak* of counsel) for the plaintiff.
*William H. Orrick, Jr.,* Assistant Attorney General (*James F. O'Hara,* trial attorney), for the defendant.

DONLON, Judge: On call of these cases at the term of court in Los Angeles on February 2, 1962, counsel stipulated, in open court, that the merchandise covered by the entries in the appeals for reappraisement listed in schedule A, attached to and made a part of this decision,

was entered after February 27, 1958, the effective date of the final list published by the Secretary of the Treasury, T.D. 54521, under section 6(a) of the Customs Simplification Act of 1956, 70 Stat. 943, T.D. 54165. The cases were submitted on a further written stipulation of counsel for the parties, which was filed of record, as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, as to the merchandise covered by the entries the subject of the appeals for reappraisement enumerated in the attached schedule of Cases, which is incorporated herein, that, on the dates of exportation thereof to the United States, the market value or the price at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, were the ex factory invoice unit values, net packed. That as to other merchandise covered by the entries, the market value or the price on the dates of exportation thereof to the United States at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, were the appraised values.

IT IS FURTHER STIPULATED AND AGREED that as to any of the merchandise on the invoices covered by the entries the subject of the appeals for reappraisement enumerated in the attached schedule of Cases which is included in the list of articles designated by the Secretary of the Treasury in T.D. 54521 as provided for in Sec. 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress which is subject to appraisement under Sec. 402 of the Tariff Act of 1930 as amended by the Customs Administrative Act of 1938, that there were no higher foreign values for such or similar merchandise on the date of exportation involved herein.

Accepting these two stipulations as an agreed statement of facts, I find and hold that export value, as defined in section 402 of the Tariff Act of 1930, effective on the dates the merchandise was entered or withdrawn from warehouse for consumption, is the proper basis for determination of the values of the merchandise, covered by the entries in these appeals for reappraisement, and that such values of the items of merchandise, described and identified by the name of the manufacturer according to entry number on schedule B, attached to and made a part of this decision, are the respective ex-factory invoice unit values, net, packed, as shown on the invoices which are included in the official papers filed with the court in the several suits.

As to all other merchandise, the export values are the appraised values.

Judgment will be entered accordingly.